VERNON I. ZVOLEFF (State Bar No. 81380)
THOMAS W. PULLIAM, JR. (State Bar No. 46322)
DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, California  94104-4207
Telephone: (415) 397-1730
Facsimile:  (415) 397-1735

CHILTON D. VARNER
ANDREW T. BAYMAN
MARK S. BROWN
TODD P. DAVIS
KING & SPALDING
191 Peachtree Street
Atlanta, Georgia  30303-1763
Telephone: (404) 572-4600
Facsimile:  (404) 572-5143

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION,
dba GLAXOSMITHKLINE
(erroneously sued herein as "GlaxoSmithKline, Inc.")

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PAXIL LITIGATION | Master File No.: CV-01-07937 MRP (CWx) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **DEFENDANT'S EMERGENCY MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL** |

ENTERED ON ICMS

AUG 2 0 2002

CV



**DEFENDANT'S EMERGENCY MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant SmithKlineBeecham Corporation d/b/a GlaxoSmithKline ("GSK") respectfully submits this Memorandum of Points and Authorities in support of its Emergency Motion to Suspend Preliminary Injunction Pending Appeal pursuant to Fed. R. Civ. P. 62(c).

On Friday, August 16, 2002, this Court entered a preliminary injunction prohibiting GSK from airing a television advertisement including the statement that "Paxil is non-habit forming." See Memorandum of Decision re: Preliminary Injunction ("Mem."). Fed. R. Civ. P. 62(c) gives this Court discretion to suspend its injunction pending appeal. In evaluating GSK's Motion, this Court should consider (1) whether GSK is likely to succeed on the merits of its appeal; (2) whether GSK will be irreparably injured absent a stay pending appeal; (3) whether issuance of a stay will substantially injure plaintiffs; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2904, at 501 (1995). The Court should grant a stay pending appeal if GSK demonstrates either (1) a probability of success on the merits and the possibility of irreparable injury; or (2) serious legal questions on the merits and a balance of hardships tipping sharply in its favor. See, e.g., Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988) (per curiam) (granting motion to stay injunction pending appeal); Bates v. Jones, 958 F. Supp. 1446, 1471-72 (N.D. Cal. 1997) (same).

## ARGUMENT

This Court should suspend the preliminary injunction pending appeal for at least the following seven reasons:

***First***. GSK will file its notice of appeal promptly and will request the Ninth Circuit to grant expedited consideration of the appeal. Thus, delay will be

1   **DEFENDANT'S EMERGENCY MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL**

minimized. Plaintiffs waited eight months after the television advertisement first aired in October 2001 to seek a preliminary injunction, so there is no reason the preliminary injunction must go into effect before an appeal. Cf., e.g., Playboy Enters., Inc., v. Netscape Communications Corp., 55 F. Supp.2d 1070, 1090 (C.D. Cal. 1999) (Stotler, J.) ("PEI's delay in seeking injunctive relief further demonstrates the lack of any irreparable harm."), aff'd, 202 F.3d 278 (table), 1999 WL 1049614 (9th Cir. Nov. 18, 1999).

*Second*. This Court's unprecedented action in enjoining a television advertisement that was specifically reviewed by FDA (Kline Decl. ¶ 16) raises fundamental questions about the regulation of prescription pharmaceuticals in the United States. Indeed, GSK will promptly request the Ninth Circuit to invite the United States to express its views on these issues. The public importance of the Court's preliminary injunction justifies a stay pending appeal.

*Third*. GSK is likely to prevail on the merits of its appeal, because Paxil is **not** "habit forming." **Plaintiffs have not cited a single peer-reviewed scientific or medical publication that states that SSRIs in general or Paxil in particular are habit forming.** FDA concluded that Paxil is **not habit forming.** The National Institute of Mental Health and the National Mental Health Association both state that **antidepressants are not habit forming.** (Exhibit "A" attached hereto contains statements by these and other expert organizations, which uniformly believe that Paxil and other SSRIs are non-habit forming.)

This Court concluded that the claim that Paxil is "non-habit forming" may be misleading because plaintiffs claim they suffered symptoms upon discontinuing Paxil. Thus, the Court appears to equate "some patients have symptoms upon discontinuation" with "Paxil is habit forming." This equation is completely false, as GSK demonstrated in its declarations opposing plaintiffs' motion. (O'Brien Decl.

¶¶ 8-11; Scarlett Decl. ¶¶ 33-34, 39-41; Meyers Decl. ¶¶ 29-34.)  To say that a drug is "habit-forming" is to say that it is associated with addiction and substance dependence and thus classified as a controlled substance by the DEA.  (O'Brien Decl. ¶ 11; Scarlett Decl. ¶ 33.)  A drug that is habit-forming must bear a special warning in the Drug Abuse and Dependence section of its labeling.  (Scarlett Decl. ¶ 39.)  Only a fraction of prescription drugs are considered habit-forming and thus classified as controlled substances.  Paxil is not one of them.  Nor is any other antidepressant.

In contrast, discontinuation symptoms are common in prescription drugs, and do not cause a drug to be considered habit-forming and classified as a controlled substance.  For example, beta-blockers taken for high blood pressure and corticosteriods taken for inflammatory conditions can cause serious symptoms upon discontinuation, but these drugs are *not* considered habit-forming.  (O'Brien Decl. ¶ 10.)  Drugs associated with discontinuation symptoms do not bear the special warning for habit-forming drugs in the Drug Abuse and Dependence section of their labeling.  (Scarlett Decl. ¶ 39.)  In short, the fact that a drug is associated with discontinuation symptoms in no way suggests that the drug is habit-forming.  It is a fallacy to equate these very different concepts.

***Fourth***.  GSK is likely to prevail on the merits because plaintiffs lack standing.  It is the **named plaintiffs** who must demonstrate standing, **not** unnamed members of the putative class.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S. Ct. 1660, 1670, 75 L. Ed. 2d 675 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles . . . ."); Hodgers-Durgin v. De la Vina, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc) ("Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek."); Church v. City

of Huntsville, 30 F.3d 1332, 1340 (11th Cir. 1994) ("[U]nless the plaintiffs have alleged that one of the *named* plaintiffs is in real and immediate danger of being personally injured by the City's enforcement of its building code and zoning ordinance, the plaintiff class lacks standing to challenge the alleged City practice, 'even if the persons described in the class definition would have standing themselves to sue.'") (emphasis in original) (citation omitted).

In its Memorandum of Decision, this Court repeatedly and erroneously frames the issue in terms of the standing of members of the putative **class**. See Mem. at 4 ("The Court has concluded that Subclasses A and D both have standing to seek this injunction."); id. at 10 (absent an injunction, "members of the plaintiff class will be subject to a significant threat of irreparable injury"). Plaintiffs likewise argued that "[a] preliminary injunction is necessary to prevent SKB from continuing to mislead the medical community and the general public." Plaintiffs' Mem. in Support of Mot. for Prelim. Inj. at 13. Under the black-letter law just described, however, Article III does not permit plaintiffs to invoke the federal judicial power to protect the rights of "the medical community" or "the general public." Rather, plaintiffs must show that absent an injunction, *they* -- not other people -- face imminent and irreparable injury.

***Fifth***. None of the named plaintiffs – **not one** – made any statement in any declaration that supports this Court's theory of standing. The Court accepted plaintiffs' argument in their motion that "GSK's advertisements continue to injure them by contradicting the statements they make to employers, families and friends concerning the cause of their symptoms," and that "GSK's claims prevent them from seeking and receiving proper medical attention" by "creat[ing] confusion in the patient-doctor relationship." Mem. at 3.

This theory is no more than a theory -- it is not supported by any evidence whatever. No plaintiff testified that the enjoined advertisement had injured him or

DRINKER BIDDLE & REATH LLP
225 Bush Street
San Francisco, CA 94104

4    **DEFENDANT'S EMERGENCY MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL**

her by contradicting his or her statements to others or by undermining his or her ability to obtain medical treatment. Only three plaintiffs said anything at all about difficulty explaining their experience of discontinuation symptoms, and none of them even attempted to connect their difficulties to the enjoined advertisement. (Atwood Decl. ¶ 14; Streicher Decl. ¶ 4; Stuckey Decl. ¶ 12.) In fact, only one of these plaintiffs even claimed to have seen the advertisement with the challenged language -- ever -- and she only saw it three years *after* her discontinuation symptoms ended in November 1998. (Stuckey Decl. ¶¶ 3, 11.) The advertisement with the "non-habit forming" language did not air until October 2001. (Kline Decl. ¶ 16.)

Accordingly, there is no support for the theory that the advertisement will cause injury to any plaintiff in the future unless it is enjoined or for the theory that enjoining the advertisement will redress any injury that any plaintiff may have suffered. Indeed, this Court described as only "conceivable" that "some" physicians "might" be affected by the television advertisement. See Mem. at 3. "Conceivable" is not enough for standing. See, e.g., Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 45, 96 S. Ct. 1917, 1927, 48 L. Ed. 2d 450 (1976) (finding lack of standing because "[s]peculative inferences are necessary to connect [plaintiffs'] injury to the challenged actions of petitioners"); Church, 30 F.3d at 1337 ("Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate -- as opposed to a merely conjectural or hypothetical -- threat of *future* injury.") (emphasis in original).

Moreover, even if a "conceivable" theory of future injury and redressability somehow were enough for standing, it is not enough to justify the extraordinary remedy of a preliminary injunction. As in Hodgers-Durgin, plaintiffs have failed to establish "a key prerequisite for equitable relief," namely, that absent such relief plaintiffs are likely to suffer "'substantial and immediate irreparable injury.'"

Hodgers-Durgin, 199 F.3d at 1040 (quoting Lyons, 461 U.S. at 111, 103 S. Ct. at 1670); see also Lyons, 461 U.S. at 103, 103 S. Ct. at 1666 (stating that Art. III "case or controversy considerations 'obviously shade into those determining whether the complaint states a sound basis for equitable relief'") (citation omitted).

***Sixth***. GSK is likely to prevail on the merits with respect to FDA's primary jurisdiction. This Court did not cite or discuss either Congress' grant of exclusive authority to FDA, 21 U.S.C. § 337(a), or Bernhardt v. Pfizer, Inc., 2000 WL 1738645 (S.D.N.Y. Nov. 16, 2000), where the district court recognized FDA's primary jurisdiction over prescription pharmaceuticals. See also Statement of Interest of United States in Bernhardt v. Pfizer, Inc. (Ex. 8 to GSK's Oppos. to Plaintiffs' Mot. for Prelim. Inj.).

Rather than deferring to FDA's expertise and authority over prescription pharmaceuticals, this Court speculates as to FDA's "incomplete information, a lack of attention to the specific issue, or any number of other factors." Mem. at 6. The record shows, however, that FDA has focused on the same "non-habit forming" statement at issue here and did not object to its inclusion. (Kline Decl. ¶ 18.)

The Court also suggested that it was not contradicting FDA's determination because the Court was utilizing "the ordinary, everyday meaning" of "misleading," Mem. at 6 n.3, and not second-guessing FDA's determination that the advertisement is accurate in "the strict clinical sense," Mem. at 8. But this attempted distinction cannot obscure the fact that the Court's decision contradicts FDA's determination, because FDA knew when it reviewed the advertisement that it was intended for dissemination to consumers like plaintiffs, not to trained medical professionals. This Court is simply not authorized to disagree with FDA without at least referring the issue to the agency for its views.

DRINKER BIDDLE & REATH LLP
225 Bush Street
San Francisco, CA 94104

6      **DEFENDANT'S EMERGENCY MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL**

***Seventh***.  Suspending the injunction pending appeal will not harm plaintiffs. They sat on their hands for **eight months** after the television advertisement began appearing in October 2001 before seeking a preliminary injunction.  They slept **three months** after first threatening to seek a preliminary injunction before filing their motion.  In contrast, if this Court does not suspend the injunction pending appeal, GSK will suffer serious injury because it will be subject to conflicting regulation by FDA on the one hand, and this Court on the other.  The public interest is strongly in favor of suspending the injunction, because the injunction guarantees confusion among patients and physicians as to the correct medical information concerning Paxil.

## CONCLUSION

For the foregoing reasons, GSK's Emergency Motion to Suspend Preliminary Injunction Pending Appeal should be granted.

Respectfully submitted,

DATED:  August 19, 2002

DRINKER BIDDLE & REATH LLP

By: _____

William Hanssen
Attorneys for Defendant
SMITHKLINE BEECHAM
CORPORATION

DRINKER BIDDLE & REATH LLP
225 Bush Street
San Francisco, CA 94104

7

**DEFENDANT'S EMERGENCY MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL**

# WHAT MENTAL HEALTH EXPERTS SAY
## ABOUT ANTIDEPRESSANTS

"Anti-depressant drugs are not habit forming."
**National Institute of Mental Health**
*Depression.* NIH Publication No. 00-3561 (printed 2000)
http://www.nimh.gov/publicat/depression.cfm#ptdep5


"Anti-depressant drugs are not habit-forming."
**National Mental Health Association**
http://nmha.org/ccd/support/treatment.cfm


"Anti-depressant medications are not habit-forming or mind-altering."
**The National Depressive and Manic-Depressive Association**
http://www.ndmda.org/peacedep.htm


"These medications are not sedatives, 'uppers,' or tranquilizers; they are not habit-forming . . . ."
**The American Psychiatric Association**
*Let's Talk Facts About . . . Depression*
http://www.psych.org/public_info/depression.cfm

EXH. A. PG 8

# PROOF OF SERVICE BY OVERNIGHT DELIVERY

STATE OF CALIFORNIA        )
                           )   ss.:
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 1700, Los Angeles, CA 90071-1504.

On August 19, 2002, I served on interested parties in said action the within:

DEFENDANT'S EMERGENCY MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL

by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated below, with fees for overnight delivery paid or provided for.

Executed on August 19, 2002, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Kristie Spencer
(Type or print name)

_____
(Signature)

DRINKER BIDDLE & REATH LLP
225 Bush Street
San Francisco, CA 94104

LA\1\22708\1

2

EX PARTE APPLICATION FOR EXPEDITED CONSIDERATION OF DEFENDANT'S MOTION TO SUSPEND PRELIMINARY INJUNCTION PENDING APPEAL [MASTER FILE NO.: CV-01-0737 MRP (CSX)]

# PROOF OF SERVICE BY FACSIMILE

STATE OF CALIFORNIA          )
                             )   ss.:
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 1700, Los Angeles, CA 90071-1504.

On August 19, 2002, I served on interested parties in said action the within:

DEFENDANT'S EMERGENCY MOTION AND
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO SUSPEND
PRELIMINARY INJUNCTION PENDING APPEAL

by transmitting a true copy of said document from facsimile machine whose telephone number is (213) 253-2301, pursuant to California Rules of Court, Rule 2005. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration. Said fax transmission occurred as stated in the transmission record attached hereto. Said fax transmission was directed as follows:

(See attached list.)

Executed on August 19, 2002, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
     Kristie Spencer                       K. Spence
   (Type or print name)                    (Signature)

DRINKER BIDDLE & REATH LLP
225 Bush Street
San Francisco, CA 94104

LA\1\22708\1

4    EX PARTE APPLICATION FOR EXPEDITED
     CONSIDERATION OF DEFENDANT'S MOTION TO
     SUSPEND PRELIMINARY INJUNCTION PENDING
     APPEAL [MASTER FILE NO.: CV-01-0737 MRP (CSX)]

## SERVICE LIST

Karen Barth
BAUM HEDLUND ARISTEI
GUILFORD & SCHIAVO
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Telephone (310) 207-3233
Facsimile (310) 820-7444

Donald J. Farber
LAW OFFICES OF DONALD J.
FARBER
7 Mt. Lassen Drive
Suite D-122
San Rafael, CA 94903
Telephone: (415) 472-7181
Facsimile: (415) 472-7182

Zev B. Zysman
Weiss & Yourman
10940 Wilshire Blvd, 24th Floor
Los Angeles, CA 90024
Telephone: 310-208-2800
Fax: 310-209-2348

LA\1\22708\1

DRINKER BIDDLE & REATH LLP
225 Bush Street
San Francisco, CA 94104

5    EX PARTE APPLICATION FOR EXPEDITED
CONSIDERATION OF DEFENDANT'S MOTION TO
SUSPEND PRELIMINARY INJUNCTION PENDING
APPEAL [MASTER FILE NO.: CV-01-0737 MRP (CSX)]