VERNON I. ZVOLEFF (State Bar No. 81380)
THOMAS W. PULLIAM, JR. (State Bar No. 46322)
RODNEY M. HUDSON (State Bar No. 189363)
DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, California 94104-4207
Telephone: (415) 397-1730
Facsimile: (415) 397-1735

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION, D/B/A
GLAXOSMITHKLINE

Priority
Send  X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

SEP  4 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

"BY FAX"

| In re PAXIL LITIGATION | Case No. CV-01-07937 MRP (CWx) |
|---|---|
| | **STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**WHEREAS**, each party believes that certain information and documents which will likely be encompassed by discovery requests made by the other party may contain "confidential" commercial or personal information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and/or applicable FDA regulations.

### AGREEMENT

**NOW THEREFORE**, the parties agree and stipulate to entry of the following Protective Order to govern the disclosure of such information and documents within this action:

1.  This Protective Order shall govern the designation and handling of non-public, confidential commercial, trade secret, personal and/or financial information produced in formal or informal discovery in this lawsuit.

///

///

SEP - 4 2002

STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIALITY  CASE NO. CV 01-07937 MRP (CWx)

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
S.F. Francisco, CA 94104

SF1/297839/1

## DESIGNATION OF "CONFIDENTIAL" MATERIALS

2.      Materials and evidence of all types, documents, testimony, and otherwise (hereinafter "materials"), may be designated "confidential" by any party, person or entity. This party, person or entity is categorized as the "designating party."

3.      Upon receipt of any materials designated as confidential, the party, person or entity receiving the materials shall process and protect the material(s) as "confidential" in accordance with this Protective Order, subject to challenge under the applicable provisions below.

4.      Upon receipt of any materials designated as confidential, the intended recipient may, at any time, challenge the confidentiality designation ("challenge"). This party, person or entity is called the "challenging party." Challenges may be implemented in writing or on the record at a deposition.

## CHALLENGES AND COURT RESOLUTION

5.      When a challenge occurs, the parties shall attempt to resolve the matter informally. Before any challenge is referred to the Court for resolution, the parties shall meet and confer in an effort to resolve the differences.

6.      If the dispute is not resolved through the meet and confer process within 15 days of receipt of notification in writing or on the record at a deposition of the challenging party's disagreement with the Confidential designation, the producing party shall have 30 days thereafter to move the Court for protection pursuant to Federal Rules of Civil Procedure 26(c). Any disputed document or other material shall be filed with the Court under seal and treated as Confidential until the Court rules otherwise, or until the expiration of said 30 days if the designating party does not seek judicial protection of the document within that time.

///

///

///

///

DRINKER BIDDLE & REATH LLP
235 Bush Street, 15th Floor
San Francisco, CA 94104

2

SF1\207839\1

## "CONFIDENTIAL" LABELING

7. Pages on which information deemed to be confidential shall be so labeled. However, instead of labeling each page, portions of the front and back covers or pages of any document containing confidential information may be labeled "confidential" provided the label makes clear what portions of the document are confidential.

## THIRD PARTIES

8. Except as set forth herein or in any subsequent order of the Court, no "Confidential" material should be delivered, exhibited or disclosed to persons other than counsel representing the named parties in this case, any paralegal, stenographer, clerical or other employee of such counsel assisting in the prosecution or defense of this litigation, and the Court or any Court personnel, including any court reporter. In addition, subject to the provisions of paragraph 9 below, Confidential material may be delivered, exhibited or disclosed to the following persons:

a) An expert or consultant utilized by counsel to assist in the preparation of this case, or to testify at trial or any other proceeding in this action;

b) A deponent provided there is a reasonable basis to believe the witness will give relevant testimony regarding the confidential material;

c) A person identified in the document as having authored or previously received the material.

9. Counsel desiring to reveal "Confidential" material to any of the persons referred to in subparagraphs (a), (b) or (c) above, shall, prior to disclosing "Confidential" material, inform such person that the material is subject to a Protective Order, provide such person with a copy of this Protective Order and obtain from such person a signed agreement by this Protective Order and to be subject to the jurisdiction of this Court for any proceedings relative to enforcement of this Protective Order. Said Agreement shall be in the form attached hereto as Exhibit A.

///

///

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

SF1\2978321

## OTHER PROVISIONS

10. _Admissibility of Evidence._ The provisions of this protective order do not affect the rights of parties during trial, including the law of evidence and privilege.

11. _Deposition testimony._ Confidential designation of deposition testimony, including specific responses, may be made on the record during the deposition or in writing within 15 days after receiving the deposition transcript.

12. _Derivative confidentiality._ Any material derived from confidential material is confidential regardless of labeling.

13. _Use._ All documents designated "Confidential" shall be used only for the purposes of this lawsuit and shall not be used for business, competitive or other non-litigation purposes, unless and until authorization to make other use of such information is given by agreement of counsel for the designating party or by order of the Court. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

14. _Conclusion of Action._ At the conclusion of this action, including any appeals, and at least 60 days after litigation has been finally terminated, a producing party may request the destruction or return of documents subject to this Order. If such a request is made in writing, the recipient of such a request shall have 60 days in which to return the documents, including copies supplied to experts or other third parties. The party returning shall confirm in writing that all confidential documents and copies, if any, have been returned.

///

///

///

///

Gibson Dunn & Crutcher LLP
235 Bush Street, 15th Floor
San Francisco, CA 94104

4

15. <u>Jurisdiction.</u> The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate.

Dated: August 29, 2002      DRINKER BIDDLE & REATH LLP

VERNON I. ZVOLEFF

Attorneys for Defendant
GLAXOSMITHKLINE

Dated: August 29, 2002      WEISS & YOURMAN

ZEV ZYSMAN

Co-Lead Counsel for Plaintiffs

## ORDER

Good cause appearing therefore,

IT IS SO ORDERED.

Dated: ~~September 3, 2002~~

Carla m. Woehrle
~~Honorable Mariana R. Pfaelzer~~
United States ~~District~~ Judge
Magistrate

DE HYER DOOLE & REATHUP
225 Bush Street, 15th Floor
San Francisco, CA 94104

SF1\297639v1

AUG. 30. 2002 11:53AM WEISS & YOURMAN NO. 419 P. 9

VERNON I. ZVOLEFF (State Bar No. 81380)
THOMAS W. PULLIAM, JR. (State Bar No. 46322)
RODNEY M. HUDSON (State Bar No. 189363)
DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, California 94104-4207
Telephone: (415) 397-1730
Facsimile: (415) 397-1735

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION, D/B/A
GLAXOSMITHKLINE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PAXIL LITIGATION | Case No. CV-01-07937 MRP (CWx) |
| | **NON-DISCLOSURE AGREEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

The undersigned hereby acknowledges that [Print or type full name:]

_____ has read the Protective Order entered in this

action, that (s)he understands the terms thereof, that (s)he agrees to be bound by such

terms, and that (s)he agrees not to disclose any confidential information to any person

///

///

///

///

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco CA 94104

SF1\303615\1

AUG 30 2002 11:54AM WEISS & YOURMON    NO.419 P.10
FAX NO. 14439711:55

other an as permitted by the Protective Order. The undersigned further agrees to submit to the jurisdiction of this Court in any matter arising out of the Protective Order.

_____          _____

Date                             Signature

Subscribed and sworn to before me this

_____ day of _____, 2002

Notary Public in and for said County and State

My Commission Expires:

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

SF1\30561511

2

NON-DISCLOSURE AGREEMENT

**SERVICE LIST**

Karen A. Barth
Mary F. Schiavo
BAUM HEDLUND ARISTEI GUILDFORD & SCHIAVO
12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025
Ph: (310) 207-3233
Fax: (310) 820-7444

Donald J. Farber
LAW OFFICE OF DONALD J. FARBER
7 Mt. Lassen Drive, Suite D-122
San Rafael, California 94903
Ph: (415) 472-7181
Fax: (415) 472-7182

Charles F. Preuss
Vernon I. Zvoleff
Thomas W. Pulliam, Jr.
DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104-4207
Ph: (415) 397-1730
Fax: (415) 397-1735

## PROOF OF SERVICE

**COUNTY OF LOS ANGELES, STATE OF CALIFORNIA**

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 10940 Wilshire Boulevard, 24th Floor, Los Angeles, California 90024.

On **August 30, 2002**, I served the following document(s):

**NOTICE OF ENTRY OF ORDER** by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

I served the above document(s) as follows:

___ **VIA FACSIMILE TRANSMISSION.** I caused a facsimile machine transmission from facsimile machine telephone number (310) 209-2348 to the facsimile machine telephone number(s) indicated on the attached service list. Upon completion of said facsimile machine transmission(s), the transmitting machine issued a transmission report(s) showing the transmission(s) was/were complete and without error.

_X_ **VIA MAIL** as indicated above. I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

___ **FEDERAL.** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ **BY HAND-DELIVERY.** I caused the above-named document(s) to be delivered by at the address below.

Executed on **August 30, 2002**, at Los Angeles, California 90024.

La Donna Mc Duffie