ORIGINAL

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED FILED
CLERK, U.S. DISTRICT COURT

OCT 1 8 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
ENTERED
OCT 2 1 2002
CENTRAL DISTRICT OF CALIFORNIA
DEPUT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In re PAXIL LITIGATION

———————————————————

THIS DOCUMENT RELATES TO ALL
ACTIONS

———————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE No. CV 01-07937 MRP

**MEMORANDUM OF DECISION RE:**

**Motion for Reconsideration of
Order Granting Preliminary
Injunction**

## I. INTRODUCTION

On August 16, 2002, this Court entered an Order for Preliminary Injunction ("Order") in favor of Plaintiffs barring Defendant Glaxo Smithkline Beecham ("GSK") from continuing to air television commercials that make the claim that its prescription drug, Paxil, is "not habit forming."

In response, GSK filed a Motion to Suspend Preliminary Injunction Pending Appeal on August 19, 2002 and a Motion for Reconsideration on



August 21, 2002.  Additionally, at the Court's request, the United States Food and Drug Administration ("FDA") filed a supplemental brief on September 5, 2002.  Oral argument by the parties and FDA was heard on October 8, 2002.

Having considered all the submitted papers as well as oral arguments, the Court GRANTS Defendant's Motion for Reconsideration and DENIES Plaintiffs' request for a preliminary injunction.

## II. DISCUSSION

GSK and FDA have advanced a multitude of arguments in support of the Motion for Reconsideration, some of which are essentially repetitions of those advanced in prior filings.  The Court deems only three of the arguments raised as requiring further comment.

**A. Preemption**

FDA and GSK assert that the Court's ability to pass judgment upon prescription drug direct to consumer advertisements is limited by the Supremacy Clause of the United States Constitution.  The comprehensive nature of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., they argue, when taken together with FDA's expertise, evidences a Congressional intent to preempt state law.  Under their theory, control and regulation of these advertisements are within FDA's exclusive domain.

This argument is unpersuasive.  To begin with, the parties reveal no case holding that the FDCA preempts state law either expressly or impliedly.  If anything, FDA's and GSK's arguments run contrary to the grain of other decisions.  See, e.g., Knoll Pharm. Co. v. Sherman, 57

F. Supp. 2d 615 (N.D. Ill. 1999); Ohler v. Purdue Pharma. L.P., 2002 WL 88945 (E.D. La. 2002); Motus v. Pfizer, 127 F. Supp. 2d 1085, 1092 (C.D. Cal. 2000).

Further, FDA's and GSK's position vitiates, rather than advances, the FDCA's purpose of protecting the public.  That is, FDA and GSK invite the Court to find that in enacting the FDCA for the purposes of protecting public health, Congress not only declined to provide for a private cause of action, but also eliminated the availability of common law state claims.  This position contravenes common sense, cf. Medtronic, Inc. v. Lohr, 518 U.S. 470, 487 (1996), and the Court declines the invitation.

## B. Primary Jurisdiction

The Court also finds deferral under the doctrine of primary jurisdiction inappropriate.  While FDA's expertise in areas such as drug efficacy and side effects cannot be lightly challenged, the Court has not found it necessary to delve into any of those areas.  The preliminary injunction does not challenge FDA's finding that Paxil is not clinically addictive nor does it involve labeling, inserts, or material directed to prescribing physicians.

What it does challenge is FDA's and GSK's determination that the public is not likely to equate the words "not habit forming" as used in direct to consumer advertisements with "no withdrawal symptoms." The question of how members of the general public are likely to interpret (or misinterpret) a statement is within one of the courts' core competencies.  Nothing here counsels otherwise.

## C. Likelihood of Success on the Merits

While the Court is unwilling to blindly accept FDA's ultimate determination here, it has given careful consideration to the extensive fact-finding engaged in by FDA with regard to Paxil and its approval of Paxil's advertisements. Specifically, FDA has now presented evidence to the Court regarding not only the internal review process involved in the advertisements in question, but also its position that the advertisements are not misleading.

Once again, the Court reiterates that in resolving the question presented here, it is not required to decide, nor did it decide, whether Paxil is or is not habit forming. The Court is concerned only with whether in the specific direct to consumer advertisements before the Court, the statement that Paxil is not habit forming could be found to be misleading to consumers.

On this issue, the Court finds FDA's evidence persuasive such that it changes the Court's evaluation of Plaintiffs' likelihood of success on the merits to a degree dictating that the preliminary injunction be denied.

DATED: _October 16, 2002_     _Mariana R. Pfaelzer_
Honorable Mariana R. Pfaelzer
United States District Judge

4